### W. J. HATTON v. AQUILLA HARMAN.

**Ejectment.**

> In an action of ejectment where the defense pleaded is purely legal there should be no transfer to the equity docket, but the cause should proceed to trial as an action at law.

**Finding of Chancellor Treated as Verdict of a Jury.**

> Where the chancellor makes a finding in a case that should have been tried as an action at law, his finding will be treated just as this court would have treated the verdict of a jury.

APPEAL FROM FLOYD CIRCUIT COURT.

March 10, 1877.

OPINION BY JUDGE COFER:

This was in the nature of an action of ejectment, and the defense pleaded was purely legal, and the cause should have remained on the ordinary docket and have been tried as an ordinary action.

But on the motion of the appellant, Hatton, who was plaintiff below, and without objection by the appellee, the cause was transferred to the equity docket and tried by the chancellor. The question at issue between the parties was whether the appellee purchased the land or leased it from Harnis, and upon that point the evidence was quite conflicting, so much so that if it had been passed upon by a jury properly instructed this court would not have interfered to set aside the verdict as palpably against the weight of the evidence. We have repeatedly decided that in such a case we will treat the finding of the chancellor just as we would have treated the verdict of a jury.

The practice of transferring to equity causes in which there are no equitable issues is one not to be encouraged by this court. It is against the policy of the law, tends to break down the jury system, to obliterate the distinctions between legal and equitable principles, and devolves on this court the trial of questions of fact which the law intends shall be tried by others.

Wherefore the judgment is *affirmed.*

*J. R. Botts, for appellant.   Apperson & Reid, for appellee.*